# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Hullaby,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-16-3793-PHX-SRB (JFM)<br>CR-09-1406-PHX-SRB<br>**Report & Recommendation on Unopposed Motion to Stay** |

Under consideration is Respondent's Unopposed Motion to Stay, filed December 7, 2016 (Doc. 11). Respondent seeks a stay of the briefing schedule pending the Ninth Circuit's anticipated decision in *United States v. Begay*, No. 14-10080, and the Supreme Court's anticipated decision in *Lynch v. Dimaya*, No. 15-1498. Respondent argues that the decisions in these cases could be dispositive of some of the issues in this case. Respondent represents that Movant does not oppose the stay. Movant, who is represented by counsel, has not responded to the motion.

**Magistrate Judge Authority** - The grant of a motion to stay may be deemed dispositive of a habeas petitioner's claims because it arguably effectively precludes some of the relief sought (e.g. the potential of immediate - or at least sooner – release from custody). *See S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (denial of stay that did not effectively deny any ultimate relief sought was non-dispositive) and *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (ruling on a motion to stay civil litigation pending arbitration is not dispositive of either the case or any claim or defense within it). *But see Mitchell v. Valenzuela,* 791 F.3d 1166, 1167 (9th Cir. 2015) (denial of stay to exhaust state remedies effectively dispositive of claims); and *Bastidas v. Chappell*, 791 F.3d 1155, 1157 (9th Cir. 2015) (same). Dispositive matters may not be heard directly by a magistrate judge in a case heard on

referral, but must be addressed by way of a report and recommendation. *See* 28 U.S.C. § 636(b). Consequently, the undersigned addresses the matter by way of this Report and Recommendation.

**Arguments** - Movant's Motion to Vacate argues that (1) the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), undermines the validity of his first 924(c) conviction from 2004, and (2) that 2004 conviction therefore shouldn't have been considered by this Court when calculating his sentence for the separate 924(c) conviction he sustained in this case. Respondent argues that in *Begay* the Ninth Circuit will address whether second-degree murder is a "crime of violence" for purposes of section 924(c) and how *Johnson* affects the analysis, and that Movant is similarly arguing that bank robbery shouldn't qualify as a "crime of violence" under section 924(c). Respondent further argues that *Lynch* the Supreme Court granted certiorari to address "[w]hether 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague," and Movant is asserting a similar vagueness challenge to section 924(c)—whose residual clause has the same wording as the residual clause of 18 U.S.C. § 16(b).

**Applicable Law** - Generally, this court has authority to stay consideration of a case. A court's power to stay proceedings pending the resolution of another case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See also Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion.") (citing *Landis*). "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)

Ordinarily, the propriety of a requested stay is determined by the weighing of "the

competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

And, ordinarily, judicial economy is a legitimate consideration in determining the need for a stay. For example, a "trial court may, with propriety, find it is efficient for its own docket, and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979).

However, in the context of habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000). This is because a habeas proceeding is intended to be a swift remedy to illegal confinement, and the statutes mandate that the courts give habeas petitions special preference on their calendars. *Id.*

> Consequently, although a short stay may be appropriate in a habeas case to await a determination in a parallel case in the same court, or to allow a state to prepare for a retrial of a successful petitioner, we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case. Nor do we now. "The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if ... trial courts do not act within a reasonable time." A long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights.

*Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citations omitted) (quoting *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir.1978)).

In *Yong*, the Ninth Circuit held that a district court had abused its discretion in staying habeas proceedings pending a decision in a pending appeal called *Ma* that raised

3

similar issues. The Ninth Circuit held that the stay, which would last for an indefinite period of time, placed a "significant burden" on the petitioner by delaying progress on his petition contending that the INS was unconstitutionally detaining him. *See Yong*, 208 F.3d at 1120–21. The *Yong* panel reversed the stay-pending-decision even though the related appeal in question, *Ma*, had been placed on an expedited schedule.

**Application to this Motion** - In this case, the only basis for a stay addressed by the parties is judicial economy. In requesting the stay, Respondent simply argues that *Begay* and *Dimaya* will be informative. Under *Yong*, the undersigned would ordinarily conclude that a stay would be inappropriate, given that (despite expectations) there is no guarantee that decisions in either case will be issued in the near future, or that they will ultimately be dispositive, or even necessarily informative (*i.e.* because they may be resolved on a procedural or other unexpected basis). Here, however, Movant has not voiced any objection to the stay. Consequently, it appears that the normal special concerns raised in *Yong* do not apply, and that no prejudice to Movant is likely from the requested stay.

Given the potential that these cases may assist the Court and the parties in resolving the issues in this case, and result in economies to not only the Court, but to the parties, the undersigned finds good cause to grant the stay.

However, given the potential that the stay could become protracted, the Court should require updates on the subject cases after the expected time for decisions, to permit the Court to re-evaluate where a continued stay is appropriate.

**IT IS THEREFORE RECOMMENDED** that Respondent's Unopposed Motion to Stay, filed December 7, 2016 (Doc. 11) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the United States' response to the pending Motion to Vacate (Doc. 8) shall not be due until 30 days after the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080, and the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498, are both issued.

**IT IS FURTHER RECOMMENDED** that the parties be required to file a status

4

report regarding the continuance of the stay, upon: (1) the issuance of any decision in *Begay* or *Dimaya*; and (2) in any event on or before July 15, 2017.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 1, 2017

16-3793-011r RR 17 01 30 on Unopposed Motion to Stay.docx

James F. Metcalf
United States Magistrate Judge